DEL TONDO & THOMAS
Attorneys at Law
DOUGLAS J. DEL TONDO, ESQ. - STATE BAR #100563
2201 Dupont Drive, Suite 820
Irvine, CA 92612
Tel: (949) 851-0558 ✦ Fax: (949) 266-9621
Email: doug@deltondothomas.com

Attorneys for Defendants CALIFORNIA RENT-A-CAR, INC., AND STEVE VAHIDI

## UNITED STATES DISTRICT COURT
## CENTAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA RENT-A-CAR, INC., a California Corporation, and STEVE VAHIDI, an individual, <br><br> Defendants. | CASE NO. 2:15-cv-08046 MWF (RAOx) <br><br> **ANSWER OF DEFENDANTS CALIFORNIA RENT-A-CAR, INC., AND STEVE VAHIDI** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants CALIFORNIA RENT-A-CAR, INC., and STEVE VAHIDI, hereby generally deny all the allegations in the complaint except those specifically admitted pursuant to F.R. Civ. Proc. 8(3) and required by 8(b)(4), and specifies those denials which are for lack of information and belief pursuant to Rule 8(b)(5), as follows:

### INFORMATION

1. Defendants deny for lack of information the allegations in paragraphs 1 and 2.

### INTRODUCTION

2. Defendants admit paragraph 3.

3. Defendants deny paragraph 4 that EVOX has supposedly "copyrighted" the 155 images that it has registered because Defendants allege:

[1] Plaintiff has in violation of 17 USC §106(2) unlawfully and without authorization made a derivative work which exclusively belongs to the manufacturers to make, namely copying by means of photos each of the copyrighted "designs of useful articles" (17 USC 101) of these manufacturers' vehicles which are reflected in each of the 155 images at issue and are the sole basis for infringement alleged in paragraph 15 of the Complaint; and

[2] the infringement alleged against Defendants of the use of images of "car makes and models" (Complaint ¶ 15) is based upon images of designs which are not original to Plaintiff, as these designs in the images belong to the manufacturers who designed such vehicles, and hence are not copyrightable by Plaintiff; and

[3] copyright "protection for a work [such as the photographs here] employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully" (17 USC 103(a)); and

[4] any registration of with the Copyright Office by Plaintiff only constitutes a presumption of copyright validity pursuant to 17 USC 410 (c) if this legal action was pursued within five years after first publication by EVOX of each relevant photo, and does not render such works in fact as validly "copyrighted;" and

[5]  many of the 155 images at issue had their first publication prior to October 14, 2010, and thus the presumption of copyright validity does not apply to such photographs pursuant to 17 USC 410(c) as their first publication was more than five years prior to suit; and

[6] each of the 155 registrations are invalid, as Plaintiff does not allege, as is required under 17 USC 409(9), to prove a valid registration, that it disclosed

to the Copyright Office on each of Plaintiff's copyright applications for registration on the 155 photographs (which were all derivative works), "an identification of any preexisting work or works that it is based on or incorporates."

4.   Defendants deny paragraph 5 in that EVOX is not the copyright owner of the 155 images of major trademarked manufactured vehicles which EVOX has allegedly registered, and thus no copyright information of the true copyright owner was removed, as there was no valid copyright belonging to EVOX in said images, as set forth in paragraph 3.

5.   Defendants deny paragraph 6 insofar as it alleges there was notice of any infringing conduct, as the facts presented on August 28, 2015 by Plaintiff's letter did not represent any infringing conduct by Defendants, which Defendants demonstrated in a written response on September 1, 2015, citing legal authorities proving the facts here did not represent infringing conduct. Defendant further deny paragraph 6 insofar as it claims the "images [were] copyrighted to EVOX," because a registration of an image only signifies a presumption of a valid copyright when 17 USC 410 (c) applies, but does not mean it is a valid copyright.


## THE PARTIES

6. Defendants admit Paragraph 7 is true. (Defendants note that the caption incorrectly indicates that EVOX is a California limited liability company while paragraph 7 indicates it is a Delaware corporation.)

7. Defendants admit Paragraph 8 is true and that Paragraph 9 is true that Steve Vahidi is President.

## JURISDICTION AND VENUE

8. Defendants deny Paragraphs 10 and 11 are true. There is no copyright infringement alleged, as photographs of "images of car makes and models" identified in paragraph 15 of the Complaint (as the infringing subject matter of the photographs) are not copyrightable by Plaintiff because they are original works of

another, and hence no federal question jurisdiction exists under any of the alleged statutes. In addition, Plaintiff does not establish jurisdiction under 17 USC 411 (a)("no action for infringement ... shall be instituted until ... registration has been made in accordance with this title"), because Plaintiff does not allege, as is required under 17 USC 409(9), that it disclosed to the Copyright Office in Plaintiff's copyright application for registration on each of the 155 photographs (which were all derivative works), "an identification of any preexisting work or works that it is based on or incorporates." Without such allegation and proof of valid compliance with section 409(9), the Court here lacks jurisdiction under section 411 over the subject matter of both causes of action in the Complaint.

9. Defendants admits Paragraphs 12, 13, and 14 are true.

### ALLEGATIONS COMMON TO ALL CLAIMS

10. Defendants admit in part paragraph 15 that EVOX has "created and licensed" images of "car makes and models in the United States," although Defendants deny this was since 2000 or involved 'high-quality' images in all cases, for lack of information and belief.

11. Defendants deny paragraph 16, for the reasons set forth in response to paragraph 3 above.

12. Defendants deny paragraph 17 insofar as it contends Plaintiff EVOX only "recently discovered" the use of the subject images at www.californiarac.com, on the basis of lack of information and belief. Defendants further deny paragraph 17 insofar as Plaintiff claims it owns "Copyrighted images," as a registration signifies only the presumption of a valid copyright when 17 USC 410 (c) applies, but does not signify that the images are actually validly copyrighted, for reasons explained in paragraph 3 above.

13. Defendants deny paragraph 18 that such images are "Copyrighted," for reasons explained in paragraph 3 above; and Defendants deny whether the photographs at the Defendant's website match the 155 registrations listed in the exhibits to the Complaint, for lack of information and belief.

14. In response to paragraph 19, Defendants are informed and believe that California Rent-A-Car Inc. may have removed information where EVOX falsely indicated it was the "copyright owner" of the subject photos, but at this time said Defendants lack information and belief that these 155 photos listed by copyright registration numbers in exhibits to the complaint were the subject of the removal of such false copyright information.

15. Defendants admits paragraph 20 insofar as Steve Vahidi is the president, and made important decisions relating to the business of California Rent-A-Car, Inc., and it is a small company of a few employees of at least four managers / employees, and that he financially benefits from its performance by means of a salary.

16. Defendants admit in part paragraph 21 that on August 28, 2015 that EVOX sent a letter alleging there was infringement, and that Defendant California Rent-A-Car Inc. did not take down the photographs. However, Defendants allege this was with the consent and implied permission of Defendants. For Defendant California Rent-A-Car Inc. responded on September 1, 2015 that there was no right of copyright in the images, and would take the photos down if Plaintiff insisted by September 5, 2015. However, EVOX did not do so by September 5, 2015, and never demanded the photographs come down but instead agreed to engage in discussions of a reasonable royalty to settle this dispute which only broke down after the suit was filed.

17. Defendants deny in part paragraph 21 in that California Rent-A-Car did not "refuse to pay an appropriate license fee." Prior to suit, Defendant California Rent-A-Car indicated it would be willing to discuss a royalty of approximately $1,500 per year, but Plaintiff never made a response prior to filing suit. The day after suit was filed, counsel for Defendant California Rent-A-Car. Inc. on October 15, 2015 proposed a "reasonable license going forward ...as part of a settlement," and awaited a demand from EVOX. Not having heard any response, on October 20, 2015, Defendant investigated rates online for similar licenses, and provided links to the same, and offered these amounts to EVOX as a settlement – a license of $150 per month. On October 20, 2015, EVOX by phone communicated a demand for a license

of $100,000 down and $6,400 a month for five years – a wholly unreasonable and inappropriate license fee.

**COUNT ONE**

(Copyright Infringement, 17 USC §501 *et seq.*)

21. Defendants deny paragraphs 23, 25, and 26.

22. Defendants deny paragraph 24 that such images are "Copyrighted,"as a registration signifies only the presumption of a valid copyright, but not that the images are actually validly copyrighted, for reasons explained in paragraph 3 above.

23. Defendants deny paragraph 27 that alleges Defendants' conduct has been wilful, for, among other reasons, Defendants have believed, and allege, only the manufacturer has a right to make derivative works, such as photographs of their vehicles with their logos and trademark emblems, and EVOX's General Counsel, Stuart Pardua, has admitted EVOX has no license to reproduce such copyrighted vehicle designs by means of photographs. In fact, EVOX's master license agreement which this Court can judicially notice from EVOX's own website http://www.evoxstock.com/Master-License-close.asp indicates under "TRADEMARKS, **COPYRIGHTS**, AND NOTICES GENERALLY" that

"EVOX DOES **NOT CONVEY TO LICENSEE ANY PERMISSIONS**, CLEARANCES, RELEASES OR OTHER RIGHTS RELATED TO THE ENTITIES, PRIVATE PROPERTIES, **PRODUCTS**, TRADEMARKS, TRADE NAMES, **LOGOS** OR BRANDS DEPICTED IN THE LICENSED MATERIALS, IF ANY, ALL OF **WHICH LICENSEE IS OBLIGATED TO OBTAIN, IF NECESSARY**."

If the Plaintiff's Licensee does not obtain a license from the manufacturer, Plaintiff's document goes on and requires its licensee pay EVOX for any "copyright infringement" damages Plaintiff EVOX may suffer for its licensee's non-compliance with this paragraph, Plaintiff EVOX obviously being aware that its business model is

based upon a copyright infringement of the vehicle manufacturers' designs. See *id.*, Section 5.1, Unauthorized Use.

Defendants further deny paragraph 27's insinuation that the failure to remove the photos after August 28, 2015 was wilful, when instead, it was due to (a) Plaintiff EVOX not responding to the September 1, 2015 notice from Defendant that such photos of manufactured vehicles are solely copyrights of the manufacturers, not EVOX, but Defendant offered, if necessary to take down the photos if Plaintiff EVOX notified Defendants by September 5th, which Plaintiff EVOX did not do; and (b) thereafter, Defendants were willing to discuss a royalty for continued use, and that process continued until the process failed by November 16, 2015, at which point Defendant California Rent-A-Car Inc. began taking down the photos.

24. Defendants deny Paragraphs 28 and 29, in particular that Defendants are guilty of any infringing activity against Plaintiff.

## COUNT TWO

### (Violation of the Digital Millennium Copyright Act)

25. Defendants deny Paragraph 31 in part for lack of information and belief on who embedded such information. Defendants also deny Paragraph 31's allegation that these were "copyrighted images" of Plaintiff, for the reasons set forth in paragraph 3 above.

26. Defendants deny Paragraph 32 that it removed the identifying information of the "copyright owner of these copyrighted images" as Plaintiff is not such an owner, for the reasons set forth in paragraph 3 above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State A Claim)

Each cause of action of Plaintiff's complaint does not state facts sufficient to constitute a claim against each Defendant.

SECOND AFFIRMATIVE DEFENSE

(Lack of Federal Question Jurisdiction)

The copyright action in Plaintiff's complaint does not support federal question jurisdiction. Plaintiff's claims do not involve a copyright claim, as there is no copyright infringement where the subject matter is not an original work of authorship of the Plaintiff, such as when a photographer takes a photo of copyrighted "car makes and models" as are alleged in paragraph 15 of the Complaint to serve as the sole basis for infringement against Defendants.

Likewise, there is no jurisdiction for the remaining claim under the Digital Millennium Act because there is not a single valid registration of copyright by Plaintiffs as [1] the vehicle manufactures have the sole and exclusive right to make derivative works of their vehicles' designs, pursuant to 17 USC 103(a), such as the subject matter of the 155 subject photographs which Plaintiff alleges were infringed; and [2] Plaintiff failed to allege the necessary facts to establish jurisdiction under 17 USC 411 (a)("no action for infringement ... shall be instituted until ... registration has been made *in accordance with this title*"), because Plaintiff does not allege, as is required under 17 USC 409(9) that Plaintiff disclosed to the Copyright Office in Plaintiff's copyright application for registration on each of the 155 photographs (which were all derivative works), "an *identification of any preexisting work* or works that *it is based on or incorporates*." Without such allegation and proof of valid compliance with section 409(9), the Court here lacks jurisdiction under section 411 over the subject matter of both causes of action in the Complaint.

THIRD AFFIRMATIVE DEFENSE

(Laches, Estoppel and / or Acquiescence)

Each cause of action of Plaintiff's complaint is barred by either Laches and / or Estoppel and / or Acquiescence.

FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands, 17 USC 103(a) *etc.*)

The copyright action in Plaintiff's complaint is barred by unclean hands as embodied in 17 USC 103(a) in that Plaintiff's Complaint ¶15 is misleadingly and falsely claiming that Plaintiff owns a copyright in images of major manufacturer's vehicles that are preexisting material copyrighted by the major manufacturers. This is a complete defense to an infringement action upon such images as an unlawful use in 17 USC 103(a) (copyright "protection for a work employing preexisting material in which copyright subsists ***does not extend*** to any part of the work in which such material has been used unlawfully") which statute was added to "prevent an infringer from ***benefiting***, through copyright protection, from committing ***an unlawful act***."  (House Report 94-1476.)

Further, Plaintiff also is guilty of unclean hands by knowingly infringing upon those copyrights of such manufacturers' by making a knowing and deliberate derivative use of the vehicle manufacturer's designs by duplication in photographs – a right which exclusively belongs to said manufacturers under 17 USC 103(a). It is clearly a knowing and deliberate appropriation for, as alleged in paragraph 23 above, Plaintiff EVOX standard Master Agreement which is judicially noticeable from EVOX' website reveals that Plaintiff full well knows it cannot license the images of the vehicles for FULL use by EVOX' customers, and burdens its customers after obtaining a license from EVOX to next go to the manufacturers to obtain a separate license to display EVOX' photos, and if EVOX customers fail to do so, EVOX requires the customer to indemnify EVOX for any copyright infringement damages to the owners of the subject matter depicted in EVOX photos.

Moreover, Plaintiff has unclean hands in that Plaintiff is misleadingly and falsely implying by imprinting a copyright notice on photographs that it either owns the copyright to the image or has an exclusive license in writing to make copies of the vehicle designs by means of photography and sell or license them when, in fact,

1   General Counsel for EVOX, Stuart Pardua, admitted in September 2015 that EVOX
2   has no such licenses from any of the manufacturers to make these photographs.
3       Finally, Plaintiff has unclean hands in that it deliberately and consciously failed to
4   notify the Copyright Office in violation of 17 USC 409(9) in its application for
5   registration that each of the 155 photographs used the pre-existing copyrighted designs
6   by the major manufacturers, which failure-of-disclosure renders the registrations
7   invalid.

8

9                          FIFTH AFFIRMATIVE DEFENSE
10                              (Innocent Infringer)
11      Each cause of action of Plaintiff's Complaint is subject to the defense that any
12   alleged infringement was innocent, as Defendants had no reason to believe that anyone
13   can simply photograph "images of car makes and models" of trademark and copyright
14   protected vehicle designs, and claim a copyright in the resultant photograph and sue
15   upon the same without a written exclusive license from the copyright owner.

16

17                          SIXTH AFFIRMATIVE DEFENSE
18                                (Not Original)
19      Each cause of action of Plaintiff's Complaint lacks merit because [a] the vehicles in
20   the image are not original works of authorship by Plaintiff but were copies of the
21   original designs of the manufacturers of the vehicles at issue, including their
22   trademarks emblems and logos; and [b] any alleged infringement of copyright on what
23   remains after the manufacturer vehicles are removed from consideration, involves plain
24   backgrounds such as white or grey-white, which are not original regardless of lighting
25   effect or choice of cameras, but rather are incidental, trivial, functional, or utilitarian,
26   nor do such colors exist independently of the utilitarian function they serve of
27   providing contrast in the photograph, and thus are not copyrightable elements.

28

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

The Copyright cause of action of Plaintiff's Complaint is barred by the applicable statute of limitation from when Plaintiff first knew or with reasonable diligence should have discovered the facts constituting the alleged infringement by Defendants (17 USC §507(b).)

The Digital Millennium Act has no express statute of limitation, in which case the analogous state statute of limitation would apply, which should be one year from violation as the minimum penalty in 17 USC 1202 is "not less than $200" per violation, which would be subject under California law to the one year statute which applies to an action that has a minimum penalty – California Code Civ. Proc. § 340. Defendants allege that all the acts which allegedly violated the Digital Millennium Act took place more than one year prior to this suit being filed on October 14, 2015, and are hence time-barred.

## EIGHTH AFFIRMATIVE DEFENSE

### (Implied Non-Exclusive License)

Each cause of action of Plaintiff's Complaint is barred by the implied non-exclusive license Defendants have from each copyright owner of the vehicles (which are the subject of the photographs over which Plaintiff claims ownership) who do not wish to inhibit rental car companies at no cost to include photographs of their vehicles so as to promote the manufacturers' vehicles by means of rentals. As a result, such manufacturers knowingly permit all rental car companies, including Defendants, to use non-offensive photographs of their vehicles on a non-exclusive basis.

## NINTH AFFIRMATIVE DEFENSE

### (No Standing, 17 USC 103(a) & 204)

Each cause of action of Plaintiff's Complaint is barred to the extent Plaintiff has no claim unless it obtained a copyright transfer in writing from the manufacturers to

1  pursue infringement of the manufacturer's copyrights in their vehicle designs. Plaintiff
2  has failed to allege it has such a transfer in writing under 17 USC §204 ("transfers of
3  ownership", defined in 17 USC §101 to include assignments or "exclusive licenses.")
4  Without such a written transfer, copyright "protection for a work [such as the
5  photographs as alleged here] employing preexisting material in which copyright
6  subsists **does not extend to any part of the work** in which such material has been
7  used **unlawfully**" (17 USC 103(a)), *i.e.*, without a written transfer of an assignment or
8  an exclusive license.
9
10                          TENTH AFFIRMATIVE DEFENSE
11                               (Equitable Estoppel)
12       Each allegation of wrongdoing by Defendants is barred due to equitable estoppel,
13  including the allegation of wilfulness from not taking down the photos immediately
14  after August 28, 2015.
15
16                        ELEVENTH AFFIRMATIVE DEFENSE
17                               (Innocent Violations)
18       Under 17 USC 1203(5), Defendants contend that any acts found in violation of the
19  Digital Millennium Act were innocent violations as Defendants were not aware and
20  had no reason to believe that the alleged acts constituted a violation, for the reasons set
21  forth in paragraph 3, and in the Fifth, Sixth, and Eighth Affirmative Defenses.
22
23                         TWELFTH AFFIRMATIVE DEFENSE
24                                   (Fair Use)
25       The alleged infringing aspect of each photograph at issue are the "image of car
26  makes and models in the United States" (Complaint ¶15). Defendant alleges that the
27  display of such photographs online in a thumbnail catalog to identify vehicles for rent
28  by Defendant CALIFORNIA RENT-A-CAR, INC., whether from EVOX or other
    vehicle photos available online, are **a fair use** of the copyright that exclusively belongs

to the major manufactures to the vehicle designs, and said Defendant did not infringe upon the true owner of the subject matter of the copyright. Defendant California Rent-A-Car, Inc. made a compilation using the subject photos as a guide to assist rental car customers identify vehicles which is a permissible complementary use of the subject matter of the photos that was allegedly infringed. Said Defendant did not purport to offer to license the photos to customers, but instead used the photos solely to guide searches on the website of the manufacturers' vehicles.

THIRTEENTH AFFIRMATIVE DEFENSE

(Statutory Penalties Wholly Disproportionate to Actual Damages)

A statutory penalty under either Act relied upon in the Complaint would be unconstitutionally disproportionate as an excessive fine under the Fifth Amendment to the United States Constitution in relation to any actual damages that could be awarded based upon a reasonable royalty measured by Plaintiff's actual license fees to use said images.

FOURTEENTH AFFIRMATIVE DEFENSE

(Compilation Use)

The subject photos were selected to be used by Defendant California Rent-A-Car Inc. as online thumbnails in a compilation as a guide to consumers to select vehicles for rent, and thus was by statute an authorized use of Plaintiff's photos, regardless whether Plaintiff could license to such use of its photos to some in the marketplace, and hence said Defendant's is exempted from a copyright violation.

**PRAYER**

WHEREFORE, Defendants pray for judgment in their favor on each cause of action, and for an award of  costs and reasonable attorneys fees against Plaintiff pursuant to the Court's discretion provided in 17 U.S.C. § 505.


Dated: November 20, 2015             DEL TONDO & THOMAS


By _____

Douglas J. Del Tondo, Esq.
Attorneys for Defendants
CALIFORNIA RENT-A-CAR, INC.,
AND STEVE VAHIDI



**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all issues in the Complaint.


Dated: November 20, 2015             DEL TONDO & THOMAS



By _____

Douglas J. Del Tondo, Esq.
Attorneys for Defendants
CALIFORNIA RENT-A-CAR, INC.,
AND STEVE VAHIDI

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

        I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2201 Dupont Drive, Suite 820, Irvine, California 92612.  I am an attorney admitted to practice before the bar of this court at whose direction the service was made.

        On the Date of Service indicated below, I served the foregoing document(s) described as **ANSWER OF DEFENDANTS CALIFORNIA RENT-A-CAR, INC., AND STEVE VAHIDI,    DEMAND FOR JURY TRIAL** on the person(s) listed below in the action of Evox Productions LLC v. California Rent-A-Car by sending a PDF version to:

Jonathan Gottfried, Esq.
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Fax: (310) 275-5697

[ ]    Following ordinary business practices, I placed for collection and mailing at the above business address, the described document(s) in a sealed envelope, with postage fully prepaid.  I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on the day on which it is collected at the firm.

[]    I deposited the fully prepaid envelope with the United States Postal Service at Irvine, California.

[ ]    I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to an authorized Federal Express driver or courier, the described document(s) in a sealed envelope, with postage fully prepaid.

[√]    By electronic email based via Pacer as well as my firm email, I caused the documents to be sent to the above person(s) at the following electronic service address: jgottfried@bgrfirm.com

Date of Service: November 20, 2015

Executed on November 20, 2015, at Irvine, California.

        I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

_____
Douglas J. Del Tondo