BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for EVOX Productions, LLC

DEL TONDO & THOMAS
Douglas J. Del Tondo (State Bar No. 100563)
  doug@deltondothomas.com
2201 Dupont Drive, Suite 820
Irvine, California 92612
Telephone: (949) 851-0558
Facsimile: (949) 266-9621

Attorneys for California Rent-A-Car, Inc.
and Steve Vahidi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EVOX Productions, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>California Rent-A-Car, Inc., and, STEVE VAHIDI, an individual,<br><br>Defendant. | Case No. 2:15-cv-08046<br><br>**JOINT RULE 26(F) JOINT REPORT**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Scheduling Conference: January 4, 2016<br>Time: 11:00 a.m.<br>Crtrm.: 1600<br><br>Trial Date: N/A |

585269.1

1  Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, the
2  Court's Order Setting Scheduling Conference dated November 30, 2015, plaintiff
3  EVOX Productions, LLC ("EVOX") and defendants California Rent-A-Car, Inc.
4  ("RAC") and Steve Vahidi (collectively, "Defendants") hereby submit this Rule
5  26(f) Joint Report.

## STATEMENT OF THE CASE

### Plaintiff

Plaintiff EVOX has created and licenses a vast library consisting of more than one million automotive images. EVOX creates each photograph using unique lighting, camera lenses/angles, backgrounds, and decisions as to which portions of the cars to focus on. In order to protect its works, EVOX owns registered copyrights for each image in its library and includes—on each digital image—information identify itself as the copyright owner.

EVOX's images display information that identify EVOX as the copyright owner, including the phrase "© EVOX IMAGES." EVOX IMAGES is a registered trademark of EVOX (registration number 3,649,661).

Defendant RAC is a rental car company with multiple locations in Los Angeles. Its CEO is Steve Vahidi. RAC, under Mr. Vahidi's direction, has registered and uses a website (www.californiarac.com) from which customers of California RAC can make, modify and cancel reservations for cars.

In the past three years, RAC's website has displayed at least 155 images copyrighted to EVOX, without EVOX's authorization. In addition, defendants removed the digital information identifying EVOX as the copyright owner for each of the 155 images that defendants displayed on their website.

EVOX seeks damages for copyright infringement (17 U.S.C. § 501 *et seq.*) and violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202(b)).

### Defendants

Defendants CALIFORNIA RENT-A-CAR and STEVE VAHIDI, its

president, contend that the copyright-based lawsuit is meritless. The suit is based upon an alleged infringement of Plaintiff's copyright by Defendants' use of images of "car makes and models" (Complaint ¶ 15) of major manufacturers in Plaintiff's photographs. Defendants contend that this is untrue, and that these alleged 'copyrighted-photographs' are all derivative works of the copyright owners of the vehicle designs such as Toyota, Ford, etc. By law, the exclusive right to make derivative works of those vehicle designs such as in the medium of a photograph belongs to each of the major vehicle manufacturers pursuant to 17 USC 106(2). This is true e***ven if original elements*** (such as supposedly the lighting, angle of shot, etc.,) are also present. *See, Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.* (9th Cir. 1997) 122 F.3d 1211, 1218.

Furthermore, because EVOX itself is an infringer on the derivative rights of the vehicle owners, section 103(a) bars this action, as it provides that the "protection for a work employing preexisting material in which copyright subsists [*i.e.*, a derivative work] does not extend to any part of the work in which such material has been used ***unlawfully***" (17 USC 103(a)). Section 103 was added to "prevent an infringer from benefiting, through copyright protection, from committing an unlawful act." (House Report 94-1476.) Thus, Plaintiff cannot protect even the new elements of a white background, lighting, angle of shot, etc., as each element represents an "unlawful" derivative use of the product designs of the manufacturers.

These facts render moot the only other cause of action – the Digital Milennium Act Claim. This cause of action is also time-barred under the analogous one-year statute in California – Cal. Code Civ. Proc. 340 (action on a penalty).

Defendants also claim several defenses, including fair use.

Defendants also seek attorneys fees under 17 U.S.C. § 505 because Plaintiff knew these claims were meritless prior to its demand on Defendants, and then was informed by Defendants regarding the groundlessness of these claims and yet has

persisted in them.

## SUBJECT MATTER JURISDICTION

**Plaintiff**

This Court has subject matter jurisdiction over the infringement of United States copyrights pursuant to 17 U.S.C. § 501 et seq. and 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over violations of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 1202 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

**Defendants**

The Court lacks subject matter jurisdiction under the Copyright Act and Digital Millennium Act as Plaintiff fails to allege, as is required under 17 USC 409(9), to prove a valid registration, that Plaintiff disclosed to the Copyright Office on each of Plaintiff's copyright applications for registration of the 155 photographs (which were all derivative works), "an identification of any preexisting work or works that it is based on or incorporates." As a result, Defendants allege there is no jurisdiction for this matter under the Copyright Act, 17 USC 411 (a)("no action for infringement ... ***shall be instituted*** until ... registration has been made in accordance with this title"). Nor, for the same reason, is there jurisdiction under the Digital Milennium Act, as the registrations are invalid and thus do not constitute "copyright management information" as defined in 17 USC 1202(c).

Also there is no subject matter jurisdiction in copyright as each of the 155 photos are not original when one removes the copyright-elements that belong to the vehicle manufacturers. 17 USC 102 ("subject matter...original works of authorship"). Moreover, there is no original jurisdiction even for an original work by Plaintiff because it is an unauthorized derivative work of the vehicle manufacturer's copyright in the vehicle designs, and such lack of authority deprives this Court of subject matter jurisdiction to enforce an unlawful derivative use by EVOX in an

infringement proceeding. See 17 USC 103(a) ("subject matter [includes] derivative works but protection for a work [does not extend] to any part used unlawfully.")

As a result, there is also no jurisdiction under the Digital Milennium Act, as Plaintiff lacks standing to enforce a derivate work that exclusively belongs to only the copyright owners – the vehicle manufacturers. (17 USC 1202(b).)

## KEY LEGAL ISSUES

### Plaintiff

Plaintiff anticipates that the key legal issue will be whether the photographs (for which plaintiff has registered copyrights) are subject to copyright. Defendants have argued that the photographs of automobiles are unauthorized derivative works.

### Defendants

The additional key legal issues are whether Plaintiff disclosed in any of the applications for registration relating to any of the subject 155 photographs, as is required under 17 USC 409(9), that each photograph was a derivative work -- namely whether Plaintiff provided "an identification of any preexisting work or works that it is based on or incorporates." If not, this invalidates each registration, and then there is no jurisdiction for an infringement suit under the Copyright Act, 17 USC 411 (a).

## PARTIES, EVIDENCE, ETC.

### Plaintiff

The parties in this case are:
- Plaintiff EVOX Productions, LLC
- Defendant California Rent-A-Car, Inc.
- Defendant Steve Vahidi

Plaintiff anticipates that the following witnesses will be relevant: (1) Steve Vahidi (regarding defendants' unauthorized use of EVOX's images, removal of

1  copyright management information); (2) Randall Shelley (regarding defendants'
2  unauthorized use of EVOX's images, removal of copyright management
3  information); (3) Barry Thompson (regarding the originality of EVOX's images);
4  (4) any witnesses identified by defendants.
5        Plaintiff anticipates that the following additional evidence will be relevant:
6  (1) emails and other documents pertaining to defendants' copying of EVOX's
7  images; (2) emails and other documents pertaining to defendants' removal of
8  copyright management information; (3) screenshots of defendants' website;
9  (4) EVOX's copyright registrations; (5) the photographs at issue.

**Defendants**

Defendants anticipate as witnesses Steve Vahidi, the president of California Renter-A-Car as well as Stuart Padua, General Counsel of EVOX, who admitted to counsel for California Rent-A-Car that [1] there are no licenses from the vehicle manufacturers for selling photographs of those vehicles which EVOX then licenses to its customers for their use, and [2] that EVOX had never prevailed in Court on copyright infringement on such photographs.

Defendants also anticipate deposing the person most knowledgeable at EVOX who drafted the master license agreement available at EVOX's own website http://www.evoxstock.com/Master-License-close.asp that advises EVOX customers that EVOX does not convey any license to use the images of the vehicles in their photos, and that permissions must be obtained by their customers from the owners (manufacturers) of those (automobile) products.

## DAMAGES

**Plaintiff**

In light of the deliberate nature of defendants' infringement and removal of copyright management information, plaintiff believes that damages will fall towards the high end of the statutory range. Maximum non-willful statutory damages are

approximately $8,140,000. Plaintiff believes that willfulness is likely to be found, which would increase these damages significantly.

**Defendants**

Defendants contend Plaintiff is oppressively overreaching because the minimum non-willful total for 155 photographs could not exceed $116,250 ($750 per photograph x 155) if each photograph were a separate "work," regardless of how many times Defendants may have infringed upon the photographs. (17 USC 504(c)(" an award of statutory damages for all infringements involved in the action, with respect to any one work...in a sum of not less than $750".)

Even so, the total should be much smaller, as many of these photographs are compilations, evidenced by their registration in groups, and are not separate works for purpose of the statutory penalty. See 17 U.S.C. § 504(c)(1) ("all parts of a compilation . . . constitute one work").

Defendant CALIFORNIA RENT A CAR will also prove it did not violate the Act willfully, and instead had a good faith belief that there was no copyright in such photos and the use was a fair use, because it was one which the vehicle manufacturers who designed the vehicles in the photos would consent to a rental company to use in a thumbnail a photograph of their car to create an online directory for rental customers to identify the make and model of the true copyright owner's car for rent. As a result, Defendants are innocent infringers at worst, and the penalty cannot exceed $200 per work, which is a maximum award of $31,000, assuming each of the 155 photos were properly registered and infringed. (17 USC 504(c) (2).)

## INSURANCE

**Plaintiff**

Plaintiff does not have insurance relevant to this lawsuit.

**Defendants**

Defendants have no applicable insurance relevant to this lawsuit.

## MOTIONS

**Plaintiff**

Plaintiff does not currently anticipate filing any motions to add parties or claims, file amended pleadings or transfer venue. Plaintiff may file a motion for partial or complete summary judgment as described in the section on substantive motions.

**Defendants**

Defendants intend to file a motion for summary judgment to dispose of the entire complaint or at least one of the two causes of action.

## MANUAL FOR COMPLEX LITIGATION

**Plaintiff and Defendant**

Plaintiff and Defendants do not see the need to use the Manual for Complex Litigation.

## STATUS OF DISCOVERY

**Plaintiff and Defendants**

The parties will exchange Rule 26(a)(1) disclosures by December 29, 2015.

## DISCOVERY PLAN

**Plaintiff**

*Subjects on Which Discovery May Be Needed (Fed. R. Civ. P. 26(f)(3)(B))*

Plaintiffs anticipates that discovery will be needed on the following subjects: (1) defendants' copying of the infringing images, and (2) defendants' removal of copyright management information.

*Issues Relating to Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))*

Plaintiff anticipates seeking discovery of defendants' emails and any other electronic documents that they used in connection with the infringing images

585269.1

-7-

RULE 26(F) JOINT REPORT

1 (including old version of defendants' website, which should have been preserved).

*Privilege or Trial-Preparation Issues (Fed. R. Civ. P. 26(f)(3)(D))*

Plaintiff has not identified any specific privilege or trial-preparation issues.

*Changes or Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))*

Plaintiff does not propose any changes or limitation on discovery.

*Orders (Fed. R. Civ. P. 26(f)(3)(F))*

Plaintiff anticipates that there may be a need for a protective order that will protect proprietary business, trade secret, or other information that is believed to be protected from discovery. Plaintiff's counsel will work with defense counsel to submit a proposed protective order acceptable to the Court if and when the need arises.

**Defendants**

*Subjects on Which Discovery May Be Needed (Fed. R. Civ. P. 26(f)(3)(B))*

Defendants anticipate that discovery will be needed on the following subjects: (1) Plaintiff's applications for registration on the images upon which infringement is supposedly based for adequacy of disclosure that each image was derivative of another's copyright in the vehicles depicted; (2) the Plaintiff's authorization, if any, from the vehicle manufacturer's to make derivative works such as photographs; and (3) any claims of originality to establish jurisdiction; (4) any claims of actual damages; and (5) the meaning of the Master License Agreement requiring Plaintiff's customers to obtain permission from the owners of the products depicted in the photographs to use the same.

*Issues Relating to Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))*

Defendant anticipates seeking discovery of Plaintiff's emails and any other electronic documents that they used in connection with asking for permission or license from vehicle manufacturers to market any of the subject 155 photographs, or any other photographs, as well as copies of all applications on the 155 photographs, and the complete registration records from the USPTO.

*Privilege or Trial-Preparation Issues (Fed. R. Civ. P. 26(f)(3)(D))*

Defendant has not identified any specific privilege or trial-preparation issues.

*Changes or Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))*

Defendant does not propose any changes or limitation on discovery.

*Orders (Fed. R. Civ. P. 26(f)(3)(F))*

Defendants do not anticipate the need for any discovery orders.

## DISCOVERY CUT-OFF

**Plaintiff**

Plaintiff proposes a discovery cut-off of September 6, 2016.

**Defendants**

Defendants propose a discovery cut-off of September 6, 2016.

## EXPERT DISCOVERY

**Plaintiff and Defendants**

Plaintiff and Defendants propose the following dates:

- September 9, 2016: Initial expert witness disclosures
- September 30, 2016: Rebuttal expert witness disclosures
- October 4, 2016: Expert discovery cut-off

## DISPOSITIVE MOTIONS

**Plaintiff**

Plaintiff anticipates that the following issues may be determined by a motion for summary judgment: (1) whether EVOX's photos are subject to copyright, (2) whether defendants engaged in fair use, (3) whether defendants had an implied license to use EVOX's images, (4) whether defendants were innocent infringers, (5) whether statutory damages under the Copyright Act are unconstitutional, (6) whether defendants are liable for copyright infringement, and (7) whether defendants violated the Digital Millennium Copyright Act.

**Defendants**

Defendants California Rent-A-Car and Steve Vahidi anticipate a motion for

summary judgment on the issues of subject matter jurisdiction under sections 17 USC 102 & 103(a), the invalidity of the subject registrations of Plaintiff under 17 USC 409(9) to bar both causes of action; and on the bar of the statute of limitation on the Digital Millennium Act claim; as well as on any other matter revealed in discovery.

## SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

**Plaintiff**

The parties' counsel have exchanged written communications regarding settlement and discussed settlement over the phone.

**Defendants**

Defendants have communicated its settlement position in writing, and is waiting for acceptance by December 23, 2015 of its last offer.

## TRIAL ESTIMATE

**Plaintiff**

Plaintiff requests a jury trial and anticipates that trial will last two days and include approximately four witnesses.

**Defendants**

Defendants request a jury trial and anticipates that trial will last four days and include approximately six witnesses.

## TRIAL COUNSEL

**Plaintiff**

Keith Wesley and Jonathan Gottfried

**Defendants**

Douglas J. Del Tondo

## INDEPENDENT EXPERT OR MASTER

**Plaintiff**

Plaintiff does not see the need for an independent expert or master.

585269.1

-10-

RULE 26(F) JOINT REPORT

**Defendants**

Defendant may request the Court to appoint an independent expert to review the registration applications of Plaintiff for adequate disclosures to the Copyright Office of pre-existing works within the subject photographs which works have a copyright that belongs to the vehicle manufacturers.

## TIMETABLE

*Attached*

## OTHER ISSUES

**Plaintiff & Defendant**

Plaintiff and Defendants do not anticipate other issues.

DATED: December 17, 2015	BROWNE GEORGE ROSS LLP
	Keith J. Wesley
	Jonathan L. Gottfried


	By /s/ Jonathan Gottfried
	     Jonathan L. Gottfried
	Attorneys for EVOX Productions, LLC

DATED: December 17, 2015	DEL TONDO & THOMAS
	Douglas J. Del Tondo


	By /s/ Douglas J. Del Tondo
	     Douglas J. Del Tondo
	Attorneys for California Rent-A-Car, Inc.
	and Steve Vahidi

# EXHIBIT A

## JUDGE MICHAEL W. FITZGERALD
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:15-cv-08046 |
|---|---|
| Case Name | *EVOX Productions, LLC v. California Rent-A-Car, Inc. & Steve Vahidi* |

| Matter | Plaintiff(s)' & Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|
| [x] Jury Trial *or* [ ] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: 2 Days (Plaintiff); 4 Days (Defendants) | 1/10/17 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Motions at 11:00 a.m. – three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | 12/19/2016 | |

| Event | Weeks Before Trial | Plaintiff(s)' & Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings/Add Parties | 25 | 7/18/2016 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 9/6/2016 | |
| Expert Disclosure (Initial) | 16 | 9/9/2016 | |
| Expert Disclosure (Rebuttal) | 13 | 9/30/2016 | |
| Expert Discovery Cut-Off | 14* | 10/4/2016 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 10/3/2016 | |
| Last Date to Conduct Settlement Conference | 12 | 10/18/2016 | |
| For Jury Trial<br>• File Memorandum of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Regarding Settlement<br>• File Motions *In Limine* | 6 | 11/29/2016 | |
| For Jury Trial<br>• Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | 12/6/2016 | |
| For Court Trial<br>• Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | N/A | |

*The parties may choose to cut off expert discovery prior to MSJ briefing

ADR [LR 16-15] Selection

☐ Attorney Settlement Officer Panael   X   Private Mediation   ☐ Magistrate Judge (with Court approval)

583608.2                                    EXHIBIT A

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On December 17, 2015, I served true copies of the following document(s) described as **JOINT RULE 26(F) JOINT REPORT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 17, 2015, at Los Angeles, California.

/s/ Lynne Burns
Lynne Burns

585269.1

RULE 26(F) JOINT REPORT

**SERVICE LIST**
*Evox Productions, LLC v. California Rent-A-Car, Inc., et al.*
United States District Court, Central District – Case No. 2:15-cv-08046

| | |
|---|---|
| Douglas J. Del Tondo, Esq.<br>DEL TONDO & THOMAS<br>2201 Dupont Drive, Suite 820<br>Irvine, CA 92612<br>Tel.: (949) 851-0558<br>Fax: (949) 266-9621<br>Email: doug@deltondothomas.com | Counsel for Defendants California Rent-A-Car, Inc. and Steve Vahidi |

585269.1

RULE 26(F) JOINT REPORT