Douglas J. Del Tondo, Esq. (SBN 100563)
doug@deltondothomas.com
DEL TONDO & THOMAS
Attorneys at Law
2201 Dupont Drive, Suite 820
Irvine, California 92612
Tel. (949) 851-0558 ✦ Fax: (949) 266-9621

Attorneys for Defendants, CALIFORNIA RENT-A-CAR
and STEVE VAHIDI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA RENT-A-CAR, INC., a California corporation, and STEVE VAHIDI, an individual,<br><br>Defendants. | CASE NO. 2:15-cv-08046 MWF (RAOx)<br><br>**SUPPLEMENTAL OPPOSITION BY DEFENDANTS IN RESPONSE TO SUPPLEMENTAL DECLARATION OF BARRY THOMPSON IN SUPPORT OF PLAINTIFF EVOX'S APPLICATION TO FILE UNDER SEAL EXHIBIT B**<br><br>Date: June 20, 2016<br>Time: 10 a.m.<br>Courtroom: 1600<br>Judge: Hon. Michael W. Fitzgerald |

## MEMORANDUM OF POINTS & AUTHORITIES

On May 19, 2016, EVOX's PMK on originality, Mr. Thompson, has submitted a Supplemental Declaration to provide justification why the five snippet quotes which Defendant California Rent A Car ("CALRAC") wishes to use in its anticipated motion for summary judgment / adjudication should be sealed. This was in response to CALRAC's Opposition on May 18, 2016 that the prior Declaration in support was not

directed at the specific five portions that Defendant contends should not be sealed, as required in Your Honor's posted rules.

A. **Withdrawal as to 77:10-11**

A house-cleaning matter needs to be addressed first. Defendant CALRAC does acknowledge that Mr. Thompson does make a good point on one of the five snippet quotes – 77:10-11. We agree that it can be sealed. Defendant CALRAC accepts Mr. Thompson's explanation about sourcing information, which he says may reveal a cost savings over competitors. Defendant CALRAC will not use any detail from 77:10-11 on its motion for summary judgment without first seeking leave, if it is necessary.

B. **Non-Proprietary Names of Processes or Technical Issues**

However, Defendant CALRAC contends that Exhibit B to Thompson's Declaration filed May 18, 2016 improperly requests sealing that encompasses the the remaining four snippet quotes.  These snippet quotes reveal either only the *name* of step in the process or that EVOX admits the technical issue involved is well-known by others in the same field.

There is thus no "compelling reason" to justify sealing such matter as proprietary.[1]

Otherwise, any decision and any briefing in this matter, is impeded from discussing the topic in a manner open for public comment and review. Various copyright decisions are able to discuss photography techniques by name or in describing the process when it is a well-known technique not unique to a Plaintiff. For example, in *Bridgeman Art Library v. Corel Corp.*, 36 F.Supp.2d 191, 192 (S.D.N.Y. 1999), the Court in granting summary judgment against a photographer who the Court

---

[1]L.R. 79-5.2.2(a) requires a "(I) A declaration (1) establishing good cause or demonstrating *compelling reasons why the strong presumption of public access in civil cases should be overcome*, with citations to the applicable legal standard...."

acknowledged used much science and technique,[2] described a photographic process of using a "color transparency." The Court found this resulted in nothing more than a"slavish copy." The photographer used the color transparency to photograph public domain paintings.  But the *stare decisis* value of the decision in *Bridgeman* would be greatly diminished if the Court and the parties could not have vigorously discussed and published by descriptive names the process at issue, and the fact that the technical steps are well-known and ordinary.

C. **The Specific Four Passages in Exhibit B That Should Not Be Sealed**

Mr. Thompson addresses each of the remaining four snippet quotes at issue from Exhibit B in paragraphs 6-8 of the Supplemental Declaration.

1. *Pages 77:12-78:16*

The SUPPLEMENTAL DECLARATION OF THOMPSON, ¶6, lines 5-6, discusses 77:12-78:16. Mr. Thompson declares that while competitors know about "color and reflection," still "the way in which EVOX combines ... colors it uses or does not use or why is not public."

However, the unspoken issue was between certain colors (which names he wishes to seal) are at 77:13, which by the end of this deposition passage, Mr. Thompson answered that EVOX does not "uniquely" know about this issue "between [blank] and blank" colored surfaces.

Hence, how can that be proprietary? This passage should thus not be sealed as part of Exhibit B.

---

[2] The photographs used color transparencies to photograph public domain art. The Court found this was completely unoriginal photography: "But 'slavish copying,' although doubtless requiring technical skill and effort, does not qualify. As the Supreme Court indicated in *Feist*, 'sweat of the brow' alone is not the 'creative spark' which is the sine qua non of originality." 36 F. Supp. 2d at 197.

2. *Pages 79:10-23*

The SUPPLEMENTAL DECLARATION OF THOMPSON, ¶7 discusses 79:10-13 of his deposition in Exhibit B. He admits that EVOX did not invent the techniques that control lighting in "rooms of particular dimensions," but he asserts that how EVOX "uses them is not public."

However, what EVOX wants to seal at 79:10-23 is the very general description of an obvious process of lighting control in a room of a certain size. This is unjustified in light of the fact that at lines 14-23, Mr. Thompson admitted that "they were not the first ones to think about that...[*i.e.*, the process that was generally described previously.]"

Again, how can general names of a process that others have addressed the same problem in the past be proprietary? Mr. Thompson's deposition answer had no technical detail that a competitor could use to its advantage when addressing the issue of lighting. This passage should thus not be sealed as part of Exhibit B.

3. *Pages 82:22-83:14*

The SUPPLEMENTAL DECLARATION OF THOMPSON, ¶7 discusses also sealing 82:22-83:14 of his deposition.

The same deficiency in Mr. Thompson's declaration as to 79:10-23 applies here. The sealing highlights in the Court's unredacted version begin on page 83. Mr. Thompson seeks to seal general descriptors that name a process of photography involving surfaces (see 83:5-10). Then in lines 11-13, Mr. Thompson, the PMK of EVOX, admits it "did not independently come up with the idea" of such a process.[3]

Again, how can competitors gain an advantage knowing the name of a process that they already know about? This passage should thus not be sealed as part of Exhibit B.

---

[3] *See, Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345-346 (1991) "To qualify for copyright protection, a work must be ... ***independently created*** by the author (as ***opposed to copied from other works***), ***and*** that it possesses at least some minimal degree of creativity."

4. *Pages 80:5-12*

Finally, the SUPPLEMENTAL DECLARATION OF THOMPSON, ¶8 discusses sealing 80:5-12 of Exhibit B. This passage deals with the name of a device upon which the automobiles are posed, and then photographed.

Why is this proprietary? Mr. Thompson's Declaration asserts that the "device" it uses to pose the car for photographs, while it did not "invent" it, was "selected" from the "countless ones available to photographers." (SUPPLEMENTAL DECLARATION at 2:22-26.)

However, the answer in Exhibit B at 80:5-12 does not reveal *the exact model* of the device. Mr. Thompson is only thus seeking to seal the general descriptor of the device. Yet, that is unnecessary. It is certainly a well-known device used in auto promotional photography.

This device – unnamed here – is clearly obvious in this promotional photograph of a pre-production model from 1964 of what became the Mustang. (At that time its grille logo was a cougar.)



This photograph is available at this link
http://s.hswstatic.com/gif/1965-ford-mustang-prototypes-10.jpg

The single word that EVOX wishes to suppress from lines 80:8 and 80:12 is a device clearly visible in the above photograph from 1964.

Can EVOX be truly concerned about a competitor in auto promotional photography learning about something that has been known for decades? Something that is clearly already visible on the Internet for education and progress in the useful arts?

There is absolutely no justification to suppress 80:5-12 to seal it from public records.

**CONCLUSION**

The Court is respectfully requested to deny the application to seal Exhibit B to Mr. Thompson's Declaration. If denied, Defendants will not require Plaintiff to file another Application to Seal 77:10-11. Rather, Defendants agree to not use a detailed snippet from 77:10-11 unless the Court approves such material can be filed under seal.

DEL TONDO & THOMAS

Dated: May 20, 2016

Douglas J. Del Tondo, Esq.
Attorneys for Defendants,
CALIFORNIA RENT-A-CAR, INC. and

W:\D&T\Evox #6435\Law & Motion\Evox Appl to File Under Seal Thompson\Our Opposition\CALRAC Supplemental\08046_Supplemental_Opposition_CALRAC.wpd

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2201 Dupont Drive, Suite 820, Irvine, California 92612. I am an attorney admitted to practice before the bar of this court at whose direction the service was made.

On the Date of Service indicated below, I served the foregoing document(s) described on the person(s) listed below in the action of Evox Productions LLC v. California Rent-A-Car et al. by sending a PDF version through CM/ECF:

Jonathan Gottfried, Esq.                    Counsel for Plaintiff
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Fax: (310) 275-5697
jgottfried@bgrfirm.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Date of Service: May 20, 2016

Executed on May 20, 2016, at Irvine, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

_____
Douglas J. Del Tondo