UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV-15-8046-MWF (RAOx)**              **Date:  July 26, 2016**
**Title:**   EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
|  |  |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO LIABILITY [34];
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AS TO ALL CLAIMS [43]

        Before the Court are Plaintiff's Motion for Partial Summary Judgment as to
Liability ("Plaintiff's MSJ") (Docket No. 34) as well as Defendants' Motion for
Summary Judgment as to All Claims ("Defendants' MSJ") (Docket No. 43).  Each
party filed an Opposition (Docket Nos. 44–45) to the competing MSJ as well as a
Reply in support of its own MSJ (Docket Nos. 46–47).

        The Court has read and considered the papers filed on the MSJs, and held a
hearing on **June 27, 2016**.

        For the reasons set forth below, Plaintiff's MSJ is **GRANTED** as to Defendants'
liability for copyright infringement.  Defendants' MSJ is also **GRANTED** as to direct
profits.  Plaintiff's and Defendants' MSJs are otherwise **DENIED** because genuine
issues of material fact preclude summary judgment as to indirect profits owed as well
as Defendants' liability for Digital Millennium Copyright Act ("DMCA") violations.

## I.   BACKGROUND

        The background facts are largely undisputed:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-8046-MWF (RAOx)                Date:  July 26, 2016**

Title:       EVOX Productions, LLC *-v-* California Rent-A-Car, Inc. et al.

Plaintiff is a limited liability company that specializes in the licensing of high-quality photographs of "automotive vehicle imagery."  (Plaintiff's Statement of Uncontroverted Facts ("PSUF") ¶ 1 (Docket No. 45-1)).  Plaintiff owns and maintains a substantial automotive image library including photos of over 9,000 makes and models of cars recently sold in the United States.  (*Id.* ¶ 2).  Plaintiff registered copyrights in these images and licenses them to car dealers, manufacturers, and newspapers.  (*Id.* ¶¶ 9–10).  Each image is labeled with the following copyright information: "© EVOX IMAGES."  (*Id.* ¶¶ 11–12).

Defendant Steve Vahidi is the President of Defendant California Rent-A-Car, Inc. ("CALRAC"), a rental car company with multiple locations in Los Angeles, California.  (*Id.* ¶¶ 13, 26).  CALRAC operates a website (www.californiarac.com) from which customers can make, modify, and cancel car rental reservations.  (¶ 14).

This lawsuit concerns 149 photographs taken and edited by Plaintiff (the "Photographs"), for which Plaintiff registered copyrights and which were labeled "© EVOX IMAGES."  (*Id.* ¶¶ 10–11).  The Photographs include a combination of front and rear as well as interior and exterior shots of a large number of vehicles.  (*See generally* Declaration of Barry Thompson in Support of Plaintiff's MSJ ("Thompson Decl.") Ex. B (Docket Nos. 40–41)).

Plaintiff did not license Defendants' use of the Photographs, but, since at least May 2015, the Photographs have appeared on Defendants' website without the label "© EVOX IMAGES."  (*Id.* ¶¶ 15–16).  The Photographs were identified via Google searches and placed on Defendants' website with Defendant Vahidi's approval.  (*Id.* ¶¶ 24, 31).  Defendants also do not deny that they removed the label from the Photographs, but rather contend that removal of the copyright symbol was done unknowingly because the copyright symbol was too small to be legible.  (Defendants' Statement of Genuine Disputes of Material Fact ("DSGD") ¶ 10 (Docket No. 45-1)).

Plaintiff filed suit against Defendants on October 14, 2015, for copyright infringement as well as DMCA violations.  (Docket No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016**
Title:      EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

## II.      **REQUEST FOR JUDICIAL NOTICE**

Defendants request that the Court take judicial notice of the following facts:

- The Copyright Office application for copyrighting a visual work requires applicants to identify any "preexisting work or works" that the visual work is based on or incorporates.

- Each of the applications Plaintiff submitted for the Photographs also required Plaintiff to provide information regarding "preexisting work or works" that the Photographs were based on or incorporated.

- The logos of car brands Audi, BMW, Toyota, Ford, Chevrolet, Fiat, Mercedes-Benz, Mini Cooper, Land Rover, Ford Mustang, Volkswagen, Cadillac, Lexus, Infiniti, Dodge, Corvette, Tesla, Volvo, and Jeep appear in certain of the Photographs.

(Defendants' Request for Judicial Notice in Support of Defendants' MSJ at 1–10 (Docket No. 43-3)).

Because the copyright applications are matters of public record that are not subject to reasonable dispute, the Court **GRANTS** the request as to the applications. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

The Court also **GRANTS** the request to judicially notice that the fact that the logos of certain car brands appear in the Photographs.   These facts are readily verifiable and not subject to reasonable dispute. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                  Date:  July 26, 2016

Title:       EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

## III.   EVIDENTIARY OBJECTIONS

Plaintiff and Defendants object to the declarations submitted by the opposing party on grounds such as relevance, improper legal conclusion, and lack of foundation. (*See, e.g.*, DSGD at 4, 8–10; Plaintiff's Statement of Genuine Disputes at 5–11, 15–17, 19–20) (Docket No. 44-1)).

The Court finds that none of the objections is convincing.  While the objections may be cognizable at trial, on a motion for summary judgment the Court is concerned only with the ***admissibility*** of the relevant ***facts*** at trial, and not the ***form*** of these facts as presented in the motion.  *See Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006) (making this distinction between facts and evidence, Fed. R. Civ. P. 56(e), and overruling objections that evidence was irrelevant, speculative and/or argumentative).  As the Court only relies on admissible, material facts, the individual objections raised here are **OVERRULED** *without prejudice* to their being renewed at trial.  *See id.* at 1119 ("[A]ttorneys routinely raise every objection imaginable without regard to whether the objections are necessary, or even useful, given the nature of summary judgment motions in general, and the facts of their cases in particular.").

## IV.   DISCUSSION

In deciding motions under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted).  In such a case, the moving party has the initial burden of establishing the absence of a genuine

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016
Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

issue of fact on each issue material to its case.  *See Houghton v. South*, 965 F.2d 1532, 1537 (9th Cir. 1992).  Once the moving party comes forward with sufficient evidence, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (citation omitted).  "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'"  *Anderson*, 477 U.S. at 249–50.

    The Court has a duty to evaluate the evidence independently when it decides a dispositive pre-trial motion.  *Credit Managers Ass'n of S. California v. Kennesaw Life & Acc. Ins. Co.*, 25 F.3d 743, 749 (9th Cir. 1994).  The Court must grant summary judgment if it ultimately determines that no rational or reasonable jury might return a verdict in the nonmoving party's favor based on all the evidence.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (explaining the standard for summary judgment).

### A.     Plaintiff Is Entitled to Summary Judgment on its Copyright Infringement Claim.

    To establish copyright infringement, Plaintiff "must prove both valid ownership of the copyright and infringement of that copyright by" Defendants.  *Ets-Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1073 (9th Cir. 2000).

    The substance of Defendants' MSJ and Defendants' Opposition to Plaintiff's MSJ are the same:  Plaintiff is not entitled to summary judgment and the copyright infringement claim must be dismissed because (1) the copyrights in the Photographs are invalid, and (2) Defendants' use of the Photographs did not constitute infringement.  The Court examines these arguments in turn.  Because the Court concludes in Plaintiff's favor that summary judgment on the copyright infringement claim is appropriate, the Court cites primarily to Defendants' Opposition to Plaintiff's MSJ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016

Title:       EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

1.      **Plaintiff Is Entitled to Summary Judgment that its Copyright Registrations Are Valid.**

As a threshold matter, Plaintiff's copyright registrations are entitled to a rebuttal presumption of validity.  17 U.S.C. § 410(c); *Ets-Hokin*, 225 F.3d at 1075 ("Under the copyright laws, the registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright in a judicial proceeding commenced within five years of the copyright's first publication.").  Defendants therefore shoulder the burden of overcoming this presumption of validity.  *Id.* ("A certificate of copyright registration, therefore, shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights.").

Defendants present three independent arguments to challenge the validity of Plaintiffs' copyright registrations:  (1) the Photographs are infringing derivative works; (2) the Photographs do not qualify as original works of art; and (3) Plaintiff deliberately concealed material information when applying for the copyright registrations.  (Defendants' Opposition to Plaintiff's MSJ at 5–21).  The Court examines each argument in turn.

a.   ***The Photographs are not derivative works because the underlying work is not subject to copyright protection.***

The Copyright Act defines a derivative work as:

a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form ***in which a work may be recast, transformed, or adapted***. A work consisting of editorial revisions, annotations, elaborations, or other modifications which,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-8046-MWF (RAOx)**                    **Date:  July 26, 2016**
Title:       EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

as a whole, represent an original work of authorship, is a
"derivative work."

17 U.S.C. § 101 (emphasis added).  Therefore, the touchstone requires that a derivative
work "incorporate a substantial element of a preexisting work of authorship and recast,
transform, or adapt those elements."  *SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F.
Supp. 2d 301, 305 (S.D.N.Y. 2000); *accord Jarvis v. K2 Inc.*, 486 F.3d 526, 532 (9th
Cir. 2007) ("The changes to which K2 subjected Jarvis' images are examples of the
'recast[ing], transform[ing], or adapt[ing]' and 'editorial revisions, annotations,
elaborations, or other modifications" that define derivative works.'").

"In a colloquial sense, of course, a photograph is derived from the object that is
its subject matter."  *Ets-Hokin*, 225 F.3d at 1078.  But "[w]hether photographs of a
copyrighted work are derivative works is the subject of deep disagreement among
courts and commentators alike."  *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513,
518 (7th Cir. 2009) (collecting authorities but refraining from resolving the issue
definitively).

In a well-reasoned opinion, the district court in *SHL Imaging* explained that
photographs generally do not derive their authorship from their subject matter.  117 F.
Supp. 2d at 306.  For example, "[a] photograph of Jeff Koons' 'Puppy' sculpture in
Manhattan's Rockefeller Center, merely ***depicts*** that sculpture; it does not recast,
transform, or adapt Koons' sculptural authorship."  *Id.* (emphasis added).  In other
words, "the authorship of the photographic work is entirely different and separate from
the authorship of the sculpture."  *Id.*  *But see Schrock v. Learning Curve Int'l, Inc.*, 531
F. Supp. 2d 990, 995 (N.D. Ill. 2008) (holding that photos of children's toys were
derivative works because the photos "recast, transformed, or adapted" the three-
dimensional objects into a different, two-dimensional medium), *rev'd and remanded
on other grounds,* 586 F.3d 513 (7th Cir. 2009).

The Court is similarly skeptical of Defendants' premise that the Photographs are
"derivative" of the cars before the camera lens when the parties agree that the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-8046-MWF (RAOx)**                    **Date:  July 26, 2016**
Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

Photographs aim to depict the cars as accurately as possible.  Nevertheless, the Court does not need to reach this issue and instead follows the Ninth Circuit's holding in *Ets-Hokin*, which side-stepped this question and rested its decision on the ground that the underlying, preexisting work must itself be copyrightable.  225 F.3d at 1078–80.

In *Ets-Hokin*, vodka producer Skyy Spirits, Inc. hired a professional photographer to photograph Skyy's vodka bottle.  *Id.*  Under the terms of engagement, the photographer retained all rights to the photos and licensed limited rights to Skyy. *Id.* at 1072.  After the engagement, the photographer applied and received certificates of copyright registration for his series of photos.  *Id.*  Later, the photographer brought suit against Skyy alleging that the producer had used his photos in advertisements without his permission and in violation of the limited license.  *Id.*

On summary judgment, the district court granted Skyy's motion on the ground that the photographer failed to establish the validity of his copyright.  *Id.*  In analyzing the validity of the copyright, the district court held that the product shots were derivative works based on the Skyy vodka bottle.  *Id.*  After reaching this conclusion, the district court applied the standard of copyrightability applicable to derivative works and found that the photos were insufficiently original and would interfere with Skyy's right to create works based upon its own bottle.  *Id.* at 1073.  Because the photographs failed to meet both prongs of the applicable standard, the district court held that the photographer failed to establish the validity of his copyright.  *Id.*

On appeal, the Ninth Circuit reversed, holding that the district court had erroneously applied the derivative works framework when the Skyy bottle was not itself a copyrightable work.  *Id.* at 1078.  In examining the language and legislative history of the Copyright Act, the Ninth Circuit concluded that, "for a work to qualify as a derivative work, the work from which it derives must itself be within the ambit of copyright."  *Id.* at 1079.  The Ninth Circuit then turned to analyze the Skyy bottle and whether it is excluded from copyright protection as a "useful article."  *Id.* at 1080.  Because the bottle had no artistic features separable from its utilitarian ones, the Ninth Circuit concluded that the bottle itself was not copyrightable.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016

Title:      EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

Useful articles serve purposes independent of expression and, whether standing alone or incorporated into a previously copyrighted design, cannot be validly registered as enforceable copyrights.  *See Feist,* 499 U.S. at 345–56.  Under the Copyright Act, a useful article is defined as an article with "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."  17 U.S.C. § 101.

Generally, "[t]he determination whether [an object] is . . . an uncopyrightable 'useful article' is a fact-intensive one that must be decided on a case-by-case basis, and is properly submitted to the jury for resolution when there is a genuine factual dispute." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 710 (9th Cir. 2010) (affirming decision that substantial evidence supported jury's finding that the manufacturer's flying toys were copyrightable despite "useful article" characterization by alleged infringer).  Here, however, no genuine factual disputes exist, and the Court thus deems the issue appropriate to be decided as a matter of law.  *See Kim Seng Co. v. J & A Importers, Inc.,* 810 F. Supp. 2d 1046, 1053 (C.D. Cal. 2011) (granting summary judgment that a "food sculpture," consisting of a common bowl and the ingredients of a traditional Vietnamese dish, is not copyrightable because it "cannot be separated from [its] utilitarian function, which is to be eaten").

The issue ripe for adjudication as a matter of law based on four independent reasons:

**First**, the Ninth Circuit has expressly held that "*[c]lear examples* of useful articles include *automobiles*, food processors, and television sets." *Leicester v. Warner Bros.*, 232 F.3d 1212, 1217 (9th Cir. 2000) (emphasis added) (citing *Gay Toys, Inc. v. Buddy L. Corp.*, 703 F.2d 970, 973 (6th Cir. 1983)); *see also Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1234–35 (11th Cir. 2010) ("Further weakening defendant-appellees argument is the fact that the ZX-14 motorcycles were the subject matter and primary focus of Latimer's photographs.  Latimer's photographs can best be described as being 'based upon' the ZX-14 motorcycles, useful articles not subject to copyright

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016

Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

protection.").  Therefore, the underlying "works" in the Photographs are, by definition, useful articles that do not merit copyright protection.

    *Second*, Defendants cite no case law contrary to this well-accepted rule.  The only case to extend copyright protection to an automobile is entirely distinguishable.  In *DC Comics v. Towle*, DC Comics brought suit against a custom car maker producing replicas modeled after the Batmobile found in television, film, and comic books.  989 F. Supp. 2d 948, 953 (C.D. Cal. 2013), *aff'd,* 802 F.3d 1012 (9th Cir. 2015).  On summary judgment, the district court rejected the car maker's challenge that the Batmobile was not entitled to copyright protection.  *Id.* at 965.  First, the district court found that the Batmobile is "an extension of Batman's own persona," and therefore, a "character" entitled to copyright protection.  *Id.* at 967.  Alternatively, the district court recognized that, similar to "a carving on the back of a chair or an engraving in a glass vase," the Batmobile was entitled to protection as a "pictorial, graphic, or sculptural work . . . incorporated within a useful article."  *Id.* at 969.

    In reaching the alternative holding, the district court recognized that "the difficulty with this case is in determining whether or not the Batmobile is an 'automobile' and thus a 'useful article' that is not entitled to copyright protection except for the conceptually separable elements, or something else entirely."  *Id.* Focusing on the fact that the Batmobile "is not a useful object in the real world, and incorporates fantasy elements that do not appear on real-world vehicles," the district court found that the Batmobile is "entirely distinguishable from an ordinary automobile" and is rather "a crime fighting weapon . . . used to display the Batman persona."  *Id.* at 970.  Because the "usefulness" of the Batmobile is but only a "construct," the district court concluded that the fantastical elements distinguishing the Batmobile from ordinary cars are protectable elements under the Copyright Act.  *Id.* ("Defendant's argument that [the Batmobile] is merely a car wholly fails to capture the creativity and fantastical elements that stand apart from the fact that the Batmobile also happens to look like a car . . . . [A]ll of the features that distinguish the Batmobile from any other car—the fantastical elements that feature bat design, such as the bat tailfin

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016**

Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

and the various gadgetry that identify the vehicle as the Batmobile—are protectable elements.").

Here, the facts presented stand in stark contrast with the facts of *DC Comics*. The cars in the Photographs are actual, real-world vehicles.  Their usefulness is not mere "construct."  They are not an extension of a character persona, nor do they contain fantastical elements that distinguish them from an actual car.

The Court also rejects Defendants' argument that individual features of the car (such as the steering wheel, front grille, or car shape) merit copyright protection because they are artistic features separable from utilitarian ones.  (Defendants' Reply ISO MSJ at 12–13).  "An article that is normally a part of a useful article is considered [also] a 'useful article.'"  17 U.S.C. § 101.  Furthermore, these features do not meet the standard for physical or conceptual separability because they cannot be separated from the car without impairing the car's utility.  *See Leicester v. Warner Bros.*, 232 F.3d 1212, 1219 n.3 (9th Cir. 2000) ("Physical separability means that a 'pictorial, graphic or sculptural feature incorporated into the design of a useful article . . . can be physically separated from the article without impairing the article's utility and if, once separated, it can stand alone as a work of art traditionally conceived.  Conceptual separability means that a pictorial, graphic or sculptural feature 'can stand on its own as a work of art traditionally conceived, and . . . the useful article in which it is embodied would be equally useful without it.'" (citations omitted)).  Common sense as well as Plaintiff's uncontroverted evidence establishes that a car's utility would be impaired if it is stripped of these elements.  (Declaration of Jacob George in Support of Plaintiff's Opposition to Defendant's MSJ ¶¶ 7–11 (Docket No. 44-4) ("The basic function of the grille in an automobile is to cover and protect the opening in the front of the car which permits air to flow to and through the car's radiator . . . . [T]he shape of the car is dictated by practical considerations driven by its target segment's purpose . . . whether to go fast, carry many passengers, or carry a load . . . .")).  In contrast, the district court in *DC Comics* specifically recognized that "[t]he underlying vehicle would still be a car without the exaggerated bat features."  989 F. Supp. 2d at 970 (recognizing that design features such as a sculpted bat fin are conceptually separable from the underlying car).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-8046-MWF (RAOx)**                 **Date:  July 26, 2016**
Title:       EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

Although these elements, such as a steering wheel, do incorporate aesthetic considerations, the touchstone is whether they possess an intrinsic utilitarian function. *See Ets-Hokin*, 225 F.3d at 1080 ("As Nimmer notes, '[a] work is a 'useful article,' and therefore denied copyright for [a particular feature], if it has 'an intrinsic utilitarian function,' even though it may have other functions which are not utilitarian.'" (citation omitted)).  The Court has little trouble concluding that these elements, though perhaps attractive, have an intrinsic utilitarian function.

**Third**, the fact that some of the Photographs contained logos of the car brand does not alter the Court's conclusion.  In *Ets-Hokin*, the Ninth Circuit recognized that the product shots of the bottle contained shots of the Skyy label. 225 F.3d at 1081. Without reaching the issue of whether the label itself was copyrightable, the Ninth Circuit focused on the fact that the product shots were of the bottle as a whole rather than the label.  *Id.* ("Because Ets-Hokin's product shots are shots of the bottle as a whole—a useful article not subject to copyright protection–and not shots merely, or even mainly, of its label, we hold that the bottle does not qualify as a 'preexisting work' within the meaning of the Copyright Act.  As such, the photos Ets–Hokin took of the bottle cannot be derivative works.").  Similarly, the Court has carefully reviewed the Photographs, and, of the ones that do display a brand logo, the logo makes up only a tiny fraction of the entire Photograph.  (*See, e.g.*, Douglas Del Tondo's Declaration in Support of Defendants' MSJ Ex. 1 at 1 (Docket No. 43-7) (front exterior shot of Ford truck), 5 (rear exterior shot of Audi sedan), 21 (front interior shot of Cadillac SUV), 103 (aerial interior shot of Mini Cooper convertible)).  There is no doubt that the Photographs are primarily shots of the cars themselves.  Therefore, even assuming that the logos or trademarks are copyrightable, the Photographs cannot be considered "derived" from a copyrightable preexisting work when the shots are not "merely, or even mainly" taken of the logos or trademarks.

**Fourth**, Defendants' attempt to distinguish automobiles and production models of automobiles is unavailing.  Defendants submitted expert testimony regarding production models, which are functionally the first full-scale model of the finalized car before mass production.  (Giovanni Bonello's Declaration in Support of Defendants' MSJ ¶¶ 7–9 (Docket No. 43-6)).  The relevance of production models, however, is lost

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                Date:  July 26, 2016
Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

on the Court when Plaintiff's uncontroverted evidence demonstrates that Plaintiff does
not photograph production models.  (Declaration of Barry Thompson in Support of
Plaintiff's Application to File Under Seal Ex. B at 77:5–11 (Docket No. 29-3)
(information provided under seal regarding Plaintiff's sourcing of the cars);
Declaration of Jacob George in Support of Plaintiff's Opposition to Defendants' MSJ
¶ 12 (Docket No. 44-4) ("The photographs in question are not of Production Models,
but of production <u>vehicles</u> currently on the market . . . .  The photographs in question
were taken by EVOX of production vehicles which come off the factory line and were
likely already sold or soon to be sold in the marketplace." (emphasis in original))).

       At the hearing, counsel for Defendants argued that the Court's holding would
obliterate the portfolio of intellectual property rights amassed by car manufacturers
over the years.  The Court is not persuaded by counsel's affinity for hyperbole.  To be
clear, the Court does not doubt that automobile manufacturers have valid and
enforceable intellectual property rights in their design and production of automobiles.
*See, e.g.*, *Ferrari S.P.A. v. Roberts*, 944 F.2d 1235, 1240–41 (6th Cir. 1991) ("[T]he
distinctive appearance of a Ferrari's exterior shape, as evidenced at trial by surveys and
the testimony of car magazine editors and others, entitles Ferrari to Lanham Act
protection."); *Bentley Motors Corp. v. McEntegart*, 976 F. Supp. 2d 1297, 1320 (M.D.
Fla. 2013) (entering default judgment in favor of holder of design patent for
ornamental design of "Bentley" luxury automobile against installer and co-maker of
car kits used to transform inexpensive vehicles into those resembling the "Bentley"
appearance and care shape).  The Court's holding in this case, however, is limited to
the narrow issue of whether the automobiles on the market that Plaintiff obtained and
photographed qualify as copyrightable preexisting works.  Ninth Circuit authority
clearly holds that automobiles are uncopyrightable "useful articles," and Defendants
have not identified any binding authority supporting a legally significant distinction
that would apply to the vehicles that Plaintiffs photographed here.

       For the reasons discussed above, Defendants' argument that the Photographs are
derivative works fails as a matter of law because the underlying work is a useful article
not protected by the Copyright Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016

Title:       EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

> **b.  *Under the Ninth Circuit's generous standard of "originality," the Photographs are original works rather than "slavish copying."***

In *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, the Supreme Court addressed the threshold for copyrightability and explained that "[t]he *sine qua non* of copyright[ability] is originality" and that "[o]riginal, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."  499 U.S. 340, 345 (1991) (emphasis in original and citation omitted).

It is undisputed that the photographs are of Plaintiff's independent creation. Therefore, the Court examines only whether the Photographs possess "at least some minimal degree of creativity."  The Court concludes that binding Ninth Circuit authority definitively answers this question in Plaintiff's favor.

The Ninth Circuit applies a generous standard of originality in evaluating photographic works for copyright protection.  For example, in *Ets-Hokin*, the Ninth Circuit recalled Judge Learned Hand's comment that "no photograph, however simple, can be unaffected by the personal influence of the author."  225 F.3d at 1076 (quoting *Jewelers' Circular Pub. Co. v. Keystone Pub. Co.,* 274 F. 932, 934 (S.D.N.Y. 1921)). In assessing the "creative spark" of a photograph, the Ninth Circuit explained, "almost any[ ] photograph may claim the necessary originality to support a copyright merely by virtue of the photographers' personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken." *Id.* (citation omitted).

Plaintiff has submitted substantial evidence in support of its claim of originality. Although the most detailed information is also coincidentally the confidential information Plaintiff filed under seal (*see* Thompson Decl. Ex. A (Docket No. 37)), the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016

Title:      EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

Court does not need to discuss the specifics to conclude that the combination of creative choices Plaintiff made in taking the Photographs meets the "minimal degree of creativity."  Here, Plaintiff is involved with the staging and creation of the scenes depicted in the Photographs.  For example, Plaintiff makes creative choices in determining whether and to what degree the wheels should be turned, whether and what props should be shown in the trunk or interior, and whether and which lights should be turned on.  Furthermore, Plaintiff's original expression can also be found in the rendition of the subject-matter, that is, "the effect created by the combination of [Plaintiff's] choices of perspective, angle, lighting, shading, focus, lens, and so on." *Schrock*, 586 F.3d at 519.  Because of Plaintiff's involvement with the staging as well as rendition of the subject-matter, Defendants' reliance on *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc*., is misplaced.  528 F.3d 1258, 1265 (10th Cir. 2008) ("[T]he facts in this case unambiguously show that Meshwerks did not make any decisions regarding lighting, shading, the background in front of which a vehicle would be posed, the angle at which to pose it, or the like—in short, its models reflect none of the decisions that can make depictions of things or facts in the world, whether Oscar Wilde or a Toyota Camry, new expressions subject to copyright protection.").

Defendants' arguments that the Photographs lack originality because they use "backgrounds that are standard [and] traditional" and that the techniques used are "standard or unoriginal" also fail to grapple with the prevailing approach in the Ninth Circuit as well as the creative choices described above.  (Defendants' MSJ at 19–21; Craig Takata Declaration in Support of Defendants' MSJ ¶ 8 (Docket No. 43-4)). What matters here is not the novelty of the selected technique but the consecutive creative choices emanating from Plaintiff's selection of a particular technique from a field of other possible techniques.

Furthermore, although the Photographs are accurate depictions of their subject matter, Plaintiff's "artistic and technical choices combine to create a two-dimensional image that is subtly but nonetheless sufficiently [its] own." *Schrock*, 586 F.3d at 519. (photographs found to be sufficiently original even though they were meant to be accurate depictions of three-dimensional "Thomas & Friends" toys).  This conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016
Title:      EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

is also confirmed by the deposition testimony of Defendant Vahidi and CALRAC
employee, Randall Shelley, who acknowledged that, in selecting photographs to use
for the website, they looked for photographs that were "nice [and] clean" as well as
"visually appealing."  (Declaration of Jonathan Gottfried in Support of Plaintiff's MSJ
("Gottfried Decl.") Ex. E at 44:6–8 (Docket No. 36-1); *id.* Ex. F at 28:4–7).  Therefore,
the uncontroverted evidence shows that Plaintiff's creative choices sufficiently
distinguished the Photographs as Plaintiff's own artistic expression and made them
preferable to other photos that Defendants could have chosen.  Based on the evidence
before the Court, no rational jury could conclude otherwise.

     It is true that *Ets-Hokin* did not expressly address the slavish copying doctrine,
but the Ninth Circuit's recognition of the copyrightability of the commercial product
shots of a vodka bottle necessarily implies the inapplicability of the doctrine here.  225
F.3d at 1077 ("In view of the low threshold for the creativity element, and given that
the types of decisions Ets-Hokin made about lighting, shading, angle, background, and
so forth have been recognized as sufficient to convey copyright protection, we have no
difficulty in concluding that the defendants have not met their burden of showing the
invalidity of Ets-Hokin's copyright, and that Ets-Hokin's product shots are sufficiently
creative, and thus sufficiently original, to merit copyright protection.").  By analogy,
the Photographs also satisfy the "minimal degree of creativity" required and are not
therefore "slavish copies" that lack independently created expression.  Plaintiff is
entitled to summary judgment on the issue of "originality" because Defendants have
not demonstrated the existence of any genuine dispute of material fact.

     At the hearing, defense counsel urged the Court to examine the Ninth Circuit's
holding in *Ets-Hokin II*, when the case returned to the Court of Appeals after remand.
323 F.3d 763, 764 (9th Cir. 2003).  In *Ets-Hokin II*, the Ninth Circuit affirmed the
district court's summary judgment because "the allegedly infringing photographs
[were] not 'virtually identical' as required upon application of the defensive doctrines
of merger and scenes a faire."  *Id.* at 764–65.  The issues contemplated in *Ets-Hokin II*,
however, are not relevant to the facts of this case.  In the second appeal, the Ninth
Circuit considered whether later photographs of the bottle taken by other

CIVIL MINUTES—GENERAL                                              16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016

Title:      EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

photographers hired by Skyy infringed the original photographer's copyright.  *Id.* at 766–67.  Because it is undisputed that Defendants used the Photographs in question rather than other photographs of the same automobiles, *Ets-Hokin II* does not bear on the parties' dispute.

> ### c.  *Plaintiff did not deliberately conceal material information with an intent to defraud the Copyright Office.*

Defendants also argue that Plaintiff violated its disclosure duties when applying for the copyright registrations because it failed to disclose the preexisting work on which the Photographs were derived.  (Defendants' Opposition to Plaintiff's MSJ at 18–21).

Even assuming that Plaintiff had a duty to disclose the automobiles as "preexisting works" under § 409(9), "inadvertent mistakes on registration certificates do not invalidate a copyright . . . unless the claimant intended to defraud the Copyright Office by making the misstatement."  *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003).  Here, the photographs of the automobiles were attached to Plaintiff's applications.  No reasonable jury could conclude on these facts that Plaintiff intended to defraud the Copyright Office when the applications themselves make obvious to the Copyright Office that Plaintiff's works were based on the automobiles photographed.

In addition, because the cars depicted in the Photographs do not qualify as "preexisting works" within the meaning of the Copyright Act, Plaintiff did not omit any material information in its applications.  At the hearing, defense counsel argued that the Ninth Circuit's holding in *Ets-Hokin* is limited to an interpretation of "preexisting works" only as it relates to "derivative works" under § 106(2).  The Court does not read *Ets-Hokin* to be so limited.  *See* 225 F.3d at 1078 ("Under the Copyright Act, a work is not a 'derivative work' unless it is 'based upon one or more preexisting works' and, in order to qualify as a 'preexisting work,' the underlying work must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016
Title:      EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

copyrightable.  The Act does not make this point explicitly, nor does it define 'work,' but a reading of the statute as a whole and its legislative history compel this conclusion.").

For the reasons discussed above, Defendants' challenge to the presumed validity of Plaintiff's copyrights fails as a matter of law.  Because there are no genuine disputes of material fact, Plaintiff is entitled to summary judgment that it owns valid copyrights in the Photographs.

> **2.      Plaintiff Is Entitled to Summary Judgment that Defendants Copied Protected Elements of the Photographs Without Permission.**

>> **a.  *17 U.S.C. § 113(c) does not apply because it only extends to the making, distribution, or display of photographs of useful articles, which lawfully incorporate or reproduce a copyrighted work.***

Defendants' argument that 17 U.S.C. § 113(c) protects them from Plaintiff's charge of infringement is without merit.  (Defendants' MSJ at 7–8).

Section 113(c) provides:

> In the case of a work lawfully reproduced in useful articles that have been offered for sale or other distribution to the public, copyright does not include any right to prevent the making, distribution, or display of pictures or photographs of such articles in connection with advertisements or commentaries related to the distribution or display of such articles, or in connection with news reports.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016
Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

17 U.S.C. § 113(c).

The plain language of the statute provides only protection to photographs of useful articles that incorporate a lawfully reproduced copyrighted work.  *See Bryant v. Gordon*, 483 F. Supp. 2d 605, 613 (N.D. Ill. 2007) (purchasers in a bankruptcy sale of merchandise incorporating copyrighted photographs "were, in all likelihood, entitled to depict [the merchandise] in order to advertise it for sale").  Defendants' use of the Photographs does not fall within the scope of § 113(c) because the useful articles in the Photographs do not lawfully reproduce any copyrighted work.

Defendants' reliance on the language from House Report No. 94-1476 is also misplaced.  (Defendants' MSJ at 7).  The quoted language states that it would not be infringement "to make, distribute or display pictures of the [useful] articles in advertising" "where [the] copyright work has been lawfully published as the design of useful articles."  H.R. Rep. No. 94-1476, at 105 (1976), *republished at* 1976 U.S.C.C.A.N. 5659, 5720.  The example provided by the House Report is whether copyright in a drawing or model of an automobile would give the artist the exclusive right to make automobiles of the same design.  *Id.* ("To take the example usually cited, would copyright in a drawing or model of an automobile give the artist the exclusive right to make automobiles of the same design?").

Because it is undisputed that Defendants used the Photographs without licensing or authorization, Plaintiff is also entitled to summary judgment that Defendants copied protected elements of the Photographs without permission.

Accordingly, the Court **DENIES** Defendants' MSJ and **GRANTS** Plaintiff's MSJ as to Defendants' liability on the copyright infringement claim.  Defendants have neither rebutted the presumed validity of Plaintiff's copyright registrations nor demonstrated the existence of any genuine issues of material fact that would preclude summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016
Title:      EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

## B.    **Plaintiff Is Not Entitled to Summary Judgment on its DMCA Claim.**

### 1.    **Genuine Issues of Material Fact Exist as to Whether Defendants Had Reasonable Grounds to Know that Their Removal of the CMI Would Induce, Enable, Facilitate, or Conceal Infringement.**

To prevail on Plaintiff's DMCA claim, Plaintiff must prove that Defendants (1) intentionally removed Plaintiff's copyright label ("© EVOX IMAGES") from the Photographs (2) without Plaintiff's authorization and while 3) knowing or having reasonable grounds to know that the removal would induce, enable, facilitate, or conceal an infringement of the federal copyright laws.  17 U.S.C. § 1202(b)(1); *Gardner v. CafePress Inc.*, No. 3:14-CV-0792-GPC-JLB, 2014 WL 7183704, at *4 (S.D. Cal. Dec. 16, 2014) ("§ 1202 creates liability for persons who . . . 'intentionally remove or alter any [copyright management information],' without the authority of the copyright owner or the law, 'knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement'" (citation omitted)).

Although Plaintiff has put forth evidence that Defendant Vahidi had reason to believe that the words "EVOX IMAGES" on the Photographs meant that EVOX had taken the Photographs (Gottfried Decl. Ex. E at 63:12–17), Defendants have also submitted evidence that Defendant Vahidi did not knowingly see or recognize the copyright symbol because of the poor resolution of the downloaded Photographs (Steve Vahidi's Declaration in Support of Defendants' MSJ ¶ 9 (Docket No. 43-5)). Weighing the relevant witness' credibility as well as determining whether Defendants knew or had reasonable grounds to know that the removal of the label would facilitate or conceal copyright infringement are factual issues that fall squarely within the province of the jury.  Therefore, the Court **DENIES** Plaintiff's and Defendants' MSJs as to liability under the DMCA claim.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-8046-MWF (RAOx)                    Date:  July 26, 2016
Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

### C.      **Defendants Are Entitled to Summary Judgment as to Direct Profits Only.**

Under § 504(a), a copyright infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages.  17 U.S.C. § 504(a).

Defendants argue that they are entitled to summary judgment on the issue of direct and indirect profits.  (Defendants' MSJ at 23–24).  According to Defendants, there is no basis for direct profits because they do not license the Photographs to others.  (*Id.* at 23).  Furthermore, Defendants argue that there is no basis for indirect profits either because "consumers at car rental agencies do not give credence to a photograph of a stock photo in making decisions to rent."  (*Id.* at 24).

Section 504(b) permits a copyright owner to recover, in addition to actual damages, "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."  17 U.S.C. § 504(b).  "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."  *Id.*

Although § 504 does not explicitly differentiate between "direct" profits and "indirect" profits, the Ninth Circuit does make that distinction.  Direct profits are "those that are generated by selling an infringing product," and indirect profits are "revenue that has a more attenuated nexus to the infringement."  *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002), *cert. denied,* 537 U.S. 1189 (2003).  In the Ninth Circuit, whether profits are considered direct or indirect holds consequences for the burden of proof regarding apportionment.  *Fahmy v. Jay-Z*, 835 F. Supp. 2d 783, 793 (C.D. Cal. 2011) (copyright owners bear a greater burden in proving the causal link between infringement and profits sought in indirect profit cases).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-8046-MWF (RAOx)**                  **Date:  July 26, 2016**
Title:        EVOX Productions, LLC -*v*- California Rent-A-Car, Inc. et al.

Here, it is undisputed that Defendants did not sell an infringing product but rather incorporated the Photographs into the website to promote their car rental services.  *See Fahmy*, 835 F. Supp. 2d at 795 ("[I]ndirect profit cases generally are those in which 'the infringers did not sell the copyrighted work, but used the copyrighted work to sell another product.'"  (quoting *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796 (8th Cir. 2003))).  Therefore, the Court **GRANTS** Defendants' MSJ as to direct profits.

Triable issues of fact remain, however, as to whether showing photos of the cars available for rent helps promote or attract business for Defendants.  (*See* Gottfried Decl. Ex. B at 67:5–12 (Docket No. 36-1) ("Q. Do you believe that photos help to attract business to Rent-A-Car?  A. Do I believe it helps?  Possibly.")).  Furthermore, the Court may deny summary judgment when discovery regarding the disputed issue is incomplete.  Fed. R. Civ. P. 56(d)(1).  Plaintiff's Opposition indicates that Plaintiff's Request for Production regarding damages remains outstanding.  (Plaintiff's Opposition to Defendants' MSJ at 25).  Therefore, the Court **DENIES** Defendants' MSJ as to indirect profits.

To be clear, this Order does not encompass—as neither MSJs sought summary judgment on—other issues such as actual or statutory damages.

## V.  CONCLUSION

For the above reasons, Plaintiff's MSJ is **GRANTED** as to Defendants' liability on the copyright infringement claim.  Defendants' MSJ is also **GRANTED** as to direct profits.  Plaintiff's and Defendants' MSJs are otherwise **DENIED**.

IT IS SO ORDERED.